UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>DONALD JAMES BELDEN,<br><br>    Defendant. | Case No. 2:19-cr-00414-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Donald Belden's Motion to Reduce Sentence. Dkt. 87. The Government opposes the Motion. Dkt. 92. Belden never replied.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Belden's Motion.

## II. BACKGROUND

Belden was charged with, and convicted of, Conspiracy to Distribute Methamphetamine. Dkts. 5, 83. Ultimately, the Court sentenced Belden to 96 months imprisonment. Dkt. 83.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

Recently, Belden filed a Motion to Reduce Sentence. Dkt. 87. The first half of Belden's Motion is virtually identical to other motions the Court has recently received from inmates housed at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). This form motion—that, as will be explained below, was likely written by another inmate—alleges problematic conditions at FCI Sheridan because of the COVID-19 pandemic and requests a reduction in Belden's sentence. *See generally* Dkt. 87, at 1–2, 5–6. The second half of Belden's Motion recounts his mental and emotional health, his difficulty receiving programming and medical treatment, his rehabilitative efforts, and certain changes in the law as reasons supporting early release. *Id*. at 3–4.

### III. LEGAL STANDARD

Belden seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with his or her experiencing serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v.*

MEMORANDUM DECISION AND ORDER - 3

*Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

### IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Belden left the line blank where other inmates have indicated a date when they submitted a "cop-out" to the Warden at FCI Sheridan. Dkt. 87, at 1. Belden likewise did not submit any documentation that he petitioned the Warden as required.

As noted above, the Court is dealing with multiple identical motions from individuals at FCI Sheridan. At the top of the present Motion is an inmate identification number. That number (16664-006) belongs to another inmate at FCI Sheridan (Robin Gattis). Belden's inmate number is 20344-023. It appears that Gattis (and/or another individual) created this "fill-in-the-blank" style pleading and circulated it to other inmates

for use. Unlike other cases where the Government confirmed with FCI Sheridan that no individualized request for Belden was submitted to the Warden, it did not apparently do that in this case. The Court cannot, therefore, dismiss Belden's Motion outright for failure to exhaust because it cannot confirm its *strong* suspicion that Belden did not actually exhaust his administrative remedies. Thus, the Court begrudgingly assumes exhaustion and continues to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Belden's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Belden bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

The real problem in this case is Belden provides *nothing* concrete in support of his motion. In addition to the template portion of his motion (which generally alleges COVID-19 made prison life difficult at FCI Sheridan), Belden alleges that the COVID-19 pandemic limited his personal access to educational and medical opportunities. Dkt. 87, at 3–4. These reasons, together and separately, are insufficient to carry the day. As the Court has noted before, the COVID-19 pandemic itself does not present an extraordinary and compelling reason warranting early release. *See, e.g., United States v. Wajda*, WL 2402482, at *3 (D. Idaho June 11, 2021); *United States v. Bays*, 2021 WL 372785, at *3 (D. Idaho Feb. 3, 2021). Additionally, all available information illustrates Belden has been able to participate

in educational programming and has received sufficient medical care. Dkt. 92-3. In the absence of any concrete evidence to the contrary, the Court cannot find any circumstances sufficient to warrant a departure from its prior sentence.

Finally, the Government argues the 18 U.S.C. § 3553(a) factors weigh against Belden's release at this time.[3] Dkt. 92, at 5–6. The Court agrees. As outlined in the Presentence Investigation Report, the crimes involved here were very serious in nature. The 96-month sentence imposed by the Court reflects that reality. Allowing release after Belden has served less than half of the sentence imposed would dimmish the deterrent effects of sentencing for Belden and others. The Court agrees with the Government that the public is currently best protected by Belden's continued incarceration. As such, all four factors set forth in U.S.C. § 3553(a)(2) weigh against releasing Belden early.

In sum, the Court assumes Belden has exhausted his administrative remedies despite indications otherwise. Regardless, however, he has failed to demonstrate an "extraordinary and compelling reason" for his release, and has failed to show that such a reduction in his

---

[3] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Belden at this time. Accordingly, the Court must DENY Belden's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Belden's Motion to Reduce Sentence (Dkt. 87) is DENIED.

DATED: February 5, 2024

David C. Nye
Chief U.S. District Court Judge